# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ALFRED BLACKMAN, | ) | |
|     Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00160-KD-N |
| | ) | |
| DOROTHY PARTRIDGE, HAROLD | ) | |
| PARTIDGE, and HAPPY HOME | ) | |
| INSULATION COMPANY a/k/a | ) | |
| Happy Home Improvement, Inc. | ) | |
|     Defendants/Counterclaimants. | ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the Motion to Dismiss for Failure to Prosecute (Doc. 19) filed by the Defendants/Counterclaimants ("Defendants"). The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/1/2017 electronic referral).

On October 16, 2017, the Court entered an order permitting Austin Prestwood, Esq., to withdraw as counsel of record for Plaintiff Alfred Blackman, due to Blackman's failure to respond to Prestwood's multiple attempts to communicate with him. (*See* Doc. 16). The order also informed Blackman that, "[w]hile he is *pro se*, Blackman bears the sole responsibility of handling his case, which includes timely responding to the defendants' motions and discovery requests, following the Court's orders, and complying with all applicable laws and rules of procedure." (*Id.* at 2).

On October 18, 2017, pursuant to Federal Rule of Civil Procedure 30(b)(1), the

Defendants filed and served notice of intent to depose Blackman on October 31, 2017, at 10:00 a.m. at the office of Defendants' counsel. (*See* Doc. 17). Pursuant to Rule 30(b)(2), the notice also requested that Blackman produce certain materials at the deposition. (*Id.*). The Defendants represented in their notice that they had served a copy on Blackman at his address of record "by mailing same through the U.S. Postal Service, or some other form of delivery service…" (*Id.* at 2). In their present motion to dismiss, the Defendants represent that Blackman "failed to both appear for his deposition and produce the documents requested…" (Doc. 19 at 2, ¶ 4). The motion requests that Blackman's claims in this action be dismissed with prejudice for his failure to prosecute. The motion also states that, should the Court dismiss Blackman's claims as requested, "the Defendants consent to the dismissal of their counter-claims." (*Id.*, ¶ 7); Fed. R. Civ. P. 41(a)(2).

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure], a defendant may move to dismiss the action or any claim against it." *See also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).[1] However, "a dismissal *with prejudice*…is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. Moreover, the harsh sanction of dismissal with prejudice is thought to be

---

[1] The Court may also, on motion, dismiss a party's case as a sanction for failure to attend his own properly noticed deposition or respond to a properly served request for production, as has happened here. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); 37(d)(1)(A), (3).

more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1337-38 (citations and quotation omitted).

By order dated November 6, 2017, the undersigned explained the foregoing to Blackman, preliminarily found that his claims were due to be dismissed, and gave him until November 21, 2017, to "file and serve any response he may wish to make showing cause why the Defendants' motion to dismiss (Doc. 19) should not be granted for the reasons explained [therein] and in the motion." (Doc. 20). Blackman was further warned that, "[s]hould [he] fail to timely file a response, the motion will be deemed unopposed." (*Id.*). Copies of the November 6 order were sent to Blackman at his address of record by both regular and certified U.S. mail. To date, neither of those mailings has been returned to the Court as undeliverable, and Blackman has filed nothing in response to the November 6 order.

Under the terms of the November 6 order, because Blackman has failed to timely file any response to the present motion, the motion is deemed unopposed. Moreover, considering his repeated failure to communicate with his former counsel, his failure to respond to the Defendants' deposition notice and request for production, and his lack of any communication with the Court since his former counsel withdrew, the record supports finding a clear pattern of delay indicating that Blackman no longer intends to prosecute his case. Finally, it appears that discovery, which does not close until February 2018 (*see* Doc. 13 [Rule 16(b) Scheduling Order]), has not substantially progressed in this action, and Blackman's failure to participate in discovery will prejudice the Defendants' ability to defend

against his claims. Accordingly, the undersigned finds that no lesser sanction that dismissal of Blackman's claims will suffice.

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 19) be **GRANTED**, that Blackman's claims against the Defendants in this action be **DISMISSED with prejudice** under Federal Rule of Civil Procedure 41(b), that the Defendants' counterclaims against Blackman be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(a)(2), and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal

for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of December 2017.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**